﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190506-19506
DATE: August 31, 2020

ORDER

Entitlement to service connection for an upper back disorder is denied.

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include as secondary to service-connected left ankle disorder is remanded.

FINDING OF FACT

The Veteran does not have disease or residuals of injury causing upper back pain.

CONCLUSION OF LAW

An upper back disability due to disease or injury was not incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 2002 to January 2004. He had no foreign or sea service.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. 

The Veteran selected the Higher-Level Review lane when he submitted a Rapid Appeals Modernization Program (RAMP) election form in November 2018. Accordingly, the March 2019 rating decision on appeal was issued. The Veteran timely appealed this rating decision to the Board and requested a hearing with a Veterans Law Judge with the opportunity to submit additional evidence within 90 days of the hearing.

The Veteran testified before the undersigned at a December 2019 videoconference hearing. He did not submit any evidence within the applicable 90-day period after the hearing. 

The Veteran’s compensation claim for an upper back disorder was denied by VA in a March 2004 rating decision, which in turn became final. In the March 2019 rating decision on appeal, the AOJ found that new and relevant evidence had been received for readjudication of the claim on its merits. The Board is bound by this favorable finding and will not address the criteria for new and relevant evidence. 

1. Entitlement to service connection for an upper back disorder

Veterans are entitled to compensation if they develop a disability “resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty.” 38 U.S.C. §§ 1110 (wartime service), 1131 (peacetime service).

To establish entitlement to service-connected compensation benefits, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service -the so-called ‘nexus’ requirement.” Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service establishes that the disability was incurred in service. 38 C.F.R. § 3.303 (d). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

The existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C. § 1110; see Degmetich v. Brown, 104 F.3d 1328, 1332 (1997). In addition, the law requires disease or injury to be productive of a claimed disability.

“Congress specifically limits entitlement to service-connected disease or injury where such cases have resulted in a disability... in the absence of a proof of present disability there can be no claim.” Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Court has held that the requirement for service connection that a current disability be present is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim even though the disability resolves prior to the Secretary’s adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Veteran asserts that his upper back disorder was incurred in service, as documented in service treatment records. At his hearing, he testified that it is due to carrying a pack in service for long distances. 

Service treatment records document an April 2002 complaint of upper back pain, which was ultimately assessed as a paraspinal thoracic muscle strain. There are no additional relevant symptoms, treatment, complaints or diagnoses specific to the claimed upper back disorder. Clinical evaluation at an August 2003 examination revealed a normal spine and musculoskeletal system. In an accompanying Report of Medical History, the Veteran specifically denied any relevant symptoms, including recurrent back pain or any back problem. 

Pursuant to the previously denied compensation claim, the Veteran was afforded a December 2003 VA back examination (while in service). After the evaluation, the examiner determined that there “is no evidence of pathology to render a diagnosis at this time for the thoracolumbar spine.” X-rays and other diagnostic testing were normal. 

More recently, the Veteran was afforded a January 2019 VA back examination. Similarly, after evaluation the examiner determined that “[t]here is no pathology to render a diagnosis for a back condition at this time.” The examiner noted the Veteran’s reports of pain and VA treatment records documenting upper back pain. However, the VA physician concluded that the Veteran did not have a current back disability or pathology accounting for the reports of upper back pain.

In adjudicating a claim, the Board is charged with the duty to assess the credibility and weight given to evidence. See Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997). Competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while the latter is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997).

The Board has considered the lay statements of record. To the degree that the Veteran has reported symptoms and on-going symptoms since service, he is competent to report his observations and relate what he was told by medical professionals. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007.

Here, the Veteran has reported the presence of pain and other symptoms of the upper back. The Veteran is certainly competent to report the presence of pain and other symptoms. However, the Board finds the results of diagnostic testing during physical examinations to be more probative. While the Board notes the Veteran’s subjective reports of pain and other symptoms, these do not constitute a disease or injury for which service connection may be awarded. In addition, despite his complaints of pain and other symptoms, examinations have been normal, and the presence of disability due to disease or residual of injury is not established. 

The medical evidence does not show a current disease, injury or disability consistent with the claimed upper back disorder. The preponderance of the evidence is against the claim under section 1110, as disability is required under the statute. Under section 1110, service connection is granted when there is evidence of in-service disease or injury resulting in disability. 38 U.S.C. § 1110. There must be evidence of disease or injury to account for the Veteran’s complaints. The Veteran has presented no competent evidence of pathology (disease or injury) to account for his post-service complaints of pain or relevant symptoms specific to the claimed upper back disorder. At this time, there is no competent evidence of pathology that would account for his post-service complaints. 

The existence of a current disease or injury is the cornerstone of a claim for VA disability compensation. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Evidence must show that the Veteran currently has the disability due to injury or disease for which benefits are being claimed. As the evidence does not show that the Veteran has had the claimed upper back pathology (disease or injury) at any time during the pendency of his claim, the Board finds that the Veteran is not entitled to service connection. See McClain, supra.

REASONS FOR REMAND

1. Entitlement to service connection for an acquired psychiatric disorder is remanded.

The appeal is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. Under the AMA, when there are pre-decisional, duty-to-assist errors it is permissible for the Board to have them corrected before deciding the claim on appeal.

Prior to the rating decision on appeal, the AOJ obtained a December 2019 examination and medical opinion regarding the etiology of the Veteran’s claimed psychiatric disorder. The AOJ instructed the examiner to address the Veteran’s claims that (1) his disorder is directly related to service and (2) secondary to a service-connected left ankle disorder. The examiner’s opinion addresses direct service connection. Specific to a secondary theory of entitlement under 38 C.F.R. § 3.310, the opinion does not address the possibility of aggravation under 3.310 (b). Furthermore, the examiner does not provide a rationale supporting the determination that the psychiatric disorders are not proximately due to the service-connected left ankle disorder. As such, there was a pre-decisional, duty-to-assist error in failing to ensure that the VA medical opinion addressed section 3.310. 

The matters are REMANDED for the following action:

1. Return the claims file to an examiner of appropriate expertise to determine the etiology of the Veteran’s psychiatric disorders. It is up to the discretion of the examiner if a new examination is necessary, or in the alternative, a file review is sufficient. 

Based on a review of the record, the examiner should:

(a) Provide an opinion as to whether it is at least as likely as not (i.e., a probability of 50 percent or greater) that any diagnosed psychiatric disorder was caused by the service-connected left ankle disorder or any other service-connected disease or injury. 

(b) Provide an opinion as to whether it is at least as likely as not (i.e., a probability of 50 percent or greater) that any diagnosed psychiatric disorder is aggravated by the service-connected left ankle disorder or any other service-connected disease or injury. 

If the left ankle disorder or any other service-connected disease or injury aggravates a diagnosed psychiatric disorder, the examiner should identify the percentage of disability which is attributable to the aggravation. 38 C.F.R. § 3.310.

A complete rationale for any opinion expressed should be provided in a report.

 

 

H. N. SCHWARTZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board W. R. Stephens, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.